

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

DHR/PL AGR
2020R01025

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

January 14, 2025

**/RECEIVED**

**APR 1 5 2025**

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Tatiana S. L. Nnaji, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
1002 Broad St.
Newark, New Jersey 07102

Re:    <u>Plea Agreement with Francisco Villafane</u>   25-CR-232 (ZNQ)

Dear Ms. Nnaji:

This letter sets forth the plea agreement between your client, Francisco
Villafane ("VILLAFANE"), and the United States Attorney for the District of New
Jersey ("this Office"). This offer will expire on February 4, 2025, if it is not accepted
in writing by that date. If VILLAFANE does not accept this plea agreement, his
sentencing exposure could increase beyond what is discussed in this plea agreement
as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a
guilty plea from VILLAFANE to a two-count Information, which charges
VILLAFANE with: (1) in Count One, possession of child pornography in violation of
Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2); and (2) in Count
Two, receipt of child pornography in violation of Title 18, United States Code,
Section 2252A(a)(2)(A) and (b)(1). If VILLAFANE enters a guilty plea and is
sentenced on these charges and otherwise fully complies with this agreement, this
Office will not initiate any further criminal charges against VILLAFANE for his
possession, receipt, or distribution of child pornography relating to the individual
identified in the Complaint as Minor Victim-1, from in or around 2020 through on
or about February 12, 2024.

But if a guilty plea in this matter is not entered for any reason or a guilty
plea or judgment of conviction entered in accordance with this agreement does not
remain in full force and effect, this Office may reinstate any dismissed charges and
initiate any other charges against VILLAFANE even if the applicable statute of

limitations period for those charges expires after VILLAFANE signs this agreement, and VILLAFANE agrees not to assert that any such charges are time-barred.

Sentencing

The violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2) to which VILLAFANE agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of Title 18, United States Code, Section 2252A(a)(2)(A) and (b)(1) to which VILLAFANE agrees to plead guilty in Count Two of the Information carries a statutory minimum prison sentence of five years, a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that VILLAFANE has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, then the violation of 18 U.S.C. § 2252A(a)(5)(B) (Count One) to which VILLAFANE agrees to plead guilty instead carries a mandatory minimum sentence of ten (10) years' imprisonment and a statutory maximum prison sentence of twenty (20) years' imprisonment, and the violation of 18 U.S.C. § 2252A(a)(2)(A) (Count Two) to which VILLAFANE agrees to plead guilty instead carries a mandatory minimum sentence of fifteen (15) years' and a statutory maximum prison sentence of forty (40) years' imprisonment.

The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence VILLAFANE is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon VILLAFANE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The

sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence VILLAFANE ultimately will receive.

Further, in addition to imposing any other penalty on VILLAFANE, the sentencing judge as part of the sentence:

(1)     will order VILLAFANE to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order VILLAFANE to pay restitution pursuant to 18 U.S.C. § 2259;

(3)     must order forfeiture, pursuant to 18 U.S.C. § 2253;

(4)     must order, unless the court finds the defendant to be indigent, an assessment of $5,000, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014.

(5)     shall assess, under 18 U.S.C. § 2259A, (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5), (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense;

(6)     pursuant to 18 U.S.C. § 3583(k), may require VILLAFANE to serve a term of supervised release of at least five years or life, which will begin at the expiration of any term of imprisonment imposed. Should VILLAFANE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, VILLAFANE may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. However, pursuant to 18 U.S.C. § 3583(k), should VILLAFANE while on supervised release be found, in a manner that satisfies *United States v. Haymond*, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A,

110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one year can be imposed, VILLAFANE must be sentenced to at least five years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, VILLAFANE agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Forfeiture

VILLAFANE agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all computer and computer accessories on which law enforcement, in or about February 2024, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Information, and all property traceable to such property (the "Forfeitable Property").

VILLAFANE further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. VILLAFANE agrees to consent to the entry of orders of forfeiture for the

Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. VILLAFANE understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

VILLAFANE hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on VILLAFANE by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of VILLAFANE's activities and relevant conduct with respect to this case.

## Stipulations

This Office and VILLAFANE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing

court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and VILLAFANE waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

VILLAFANE understands that, if VILLAFANE is not a citizen of the United States, VILLAFANE's guilty plea to the charged offenses will likely result in VILLAFANE being subject to immigration proceedings and removed from the United States by making VILLAFANE deportable, excludable, or inadmissible, or ending VILLAFANE's naturalization. VILLAFANE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. VILLAFANE wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause VILLAFANE's removal from the United States. VILLAFANE understands that VILLAFANE is bound by this guilty plea regardless of any immigration consequences. Accordingly, VILLAFANE waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. VILLAFANE also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Registration Consequences

VILLAFANE understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. VILLAFANE wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of that plea. VILLAFANE understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, VILLAFANE waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## Adam Walsh Child Protection and Safety Act

VILLAFANE has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where VILLAFANE resides; where he is an employee; and where he is a student.   VILLAFANE understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information.   VILLAFANE further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. VILLAFANE has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against VILLAFANE. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

- 7 -

No provision of this agreement shall preclude VILLAFANE from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between VILLAFANE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
Acting United States Attorney

By:    DANIEL H. ROSENBLUM
Assistant U.S. Attorney

APPROVED:

ELAINE K. LOU
Deputy Chief, Criminal Division

I have received this letter from my attorney, Tatiana Nnaji, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


Francisco Villafañe                          Date: 02/21/2025
Francisco Villafañe



I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


Tatiana Nnaji, Esq.                          Date: 02/21/2025
Counsel for Defendant

- 9 -

## Plea Agreement With Francisco Villafane

### Schedule A

1.      This Office and Francisco Villafane ("VILLAFANE") agree to stipulate to the following facts:

      a.      From in or around October 2023 through on or about February 12, 2024, VILLAFANE knowingly possessed material that contained child pornography that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

      b.      From in or around October 2023 through in or around November 2023, VILLAFANE knowingly received child pornography that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

      c.      VILLAFANE knowingly received and possessed at least 600 images within the meaning of U.S.S.G. § 2G2.2(b)(7).

2.      To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3.      The parties agree that **a term of imprisonment within the range of 84 to 108 months (the "Stipulated Range")** is reasonable taking into account all of the factors set forth in 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Range will not bind the District Court. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

4.      If the term of imprisonment does not exceed 108 months, and except as specified in the next paragraph below, VILLAFANE will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 84 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

5.      Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)      Any proceeding to revoke the term of supervised release.

(b)      A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)      An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).