**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

August 19, 2025

**VIA ECF**

Hon. Zahid N. Quraishi, U.S.D.J.
Clarkson S. Fisher Building
  & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re:   *United States v. Francisco Villafane,*
>         <u>Crim. No. 25-232 (ZNQ)</u>

Dear Judge Quraishi:

The Government respectfully requests that the court adjourn the sentencing currently scheduled for September 16, 2025 in the above-captioned case. The following sets forth the basis of the Government's request:

1.      On April 15, 2025, the defendant, Francisco Villafane, pled guilty to a two-count Information charging him with one count of possession of child pornography and one count of receipt of child pornography. *See* ECF No. 18.

2.      In or around May 2025, after the defendant entered his plea agreement, law enforcement identified additional images on the defendant's devices that constitute child sexual abuse materials ("CSAM"). Based on the training and experience of the FBI case agent assigned to the investigation, at least some of those images appear to be from CSAM "series" known to law enforcement, potentially with identifiable victims entitled to restitution.

3.      Pursuant to the defendant's plea agreement, he has agreed to pay restitution to "any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct."

4.      Law enforcement partners with the National Center for Missing & Exploited Children ("NCMEC") to identify the victims of CSAM offenses. To date, law enforcement has not received a response from NCMEC regarding the CSAM materials recovered from the defendant's devices.

5.     An adjournment of the sentencing date, currently set for September 16, 2025, would allow NCMEC additional time to complete its review and analysis before sentencing and potentially identify additional minor victims entitled to restitution. In addition, an adjournment would potentially permit any such findings by NCMEC to be incorporated into the final PSR, which is currently in draft form.

6.     Under the Mandatory Victim Restitution Act, or the MVRA, victim losses that are not ascertainable 10 days prior to sentencing may be submitted to the Court no later than 90 days after the sentencing. 18 U.S.C. § 3664(d)(5); *see also Dolan v. United States*, 560 U.S. 605 (2010) (90-day limit is not jurisdictional). However, the interests of efficiency are served by attempting to ascertain victim losses in advance of sentencing, to avoid the need for post-sentencing submissions. Allowing NCMEC additional time to complete its review would also aid the Court through the development of a complete record at sentencing.

7.     Counsel for the defendant wishes to convey the following: "Although Mr. Villafane prefers to have his case sentenced as soon as possible, he does not object to the government's request for an adjournment."

Therefore, the Government respectfully submits that good cause exists to adjourn the sentencing. The parties have conferred, and both are available in early November, subject to the Court's calendar. If NCMEC's review is still not completed as that date approaches, the Government will so advise the Court.

*Sentencing adjourned to 11/4/25 at 2:30 pm.*

So Ordered this ___ day of _____, 20__

_____
Hon. Zahid N. Quraishi
United States District Judge

Respectfully submitted,

TODD W. BLANCHE
U.S. Deputy Attorney General

ALINA HABBA
Acting United States Attorney
Special Attorney

By: _____
Daniel H. Rosenblum
Assistant U.S. Attorney